# IN THE SUPERIOR COURT OF THE STATE OF DELAWARE

| | |
|---|---|
| RSM US LLP, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) |
| | ) C.A. No. N24C-02-178 MAA CCLD |
| CISION US INC., | ) |
| | ) |
| Defendant. | ) |

Submitted: March 5, 2025
Decided: March 14, 2025

## ORDER

*Cision US Inc.'s Motion for Reargument:*
**DENIED.**

*Cision US Inc.'s Application for Certification of Interlocutory Appeal:*
**DENIED.**

Upon consideration of Defendant-Counterclaimant Cision US Inc.'s ("Cision") Motion for Reargument[1] and Application for Certification of Interlocutory Appeal[2] (the "Application for Certification"), it appears to the Court that:

## Background and Procedural History

1. On February 16, 2024, Plaintiff RSM US LLP ("RSM") filed a complaint against Cision asserting claims for breach of contract and unjust

---

[1] D.I. 36 ("Cision Motion for Reargument").
[2] D.I. 40 ("Cision App. for Cert.").

enrichment.[3] On April 22, 2024, Cision filed its Answer, Affirmative Defenses, and Counterclaim.[4] In its Counterclaim, Cision asserted four counts: breach of contract; breach of warranty; unjust enrichment; and breach of the implied covenant of good faith and fair dealing.[5]

2. On August 29, 2024, RSM filed a motion to dismiss Cision's Counterclaim.[6] The Court heard oral argument on RSM's Motion to Dismiss on February 6, 2025.[7] After oral argument, the Court dismissed the implied covenant, unjust enrichment,[8] and breach of contract counterclaims[9] without leave to amend. The Court granted Cision leave to amend its breach of warranty counterclaim.[10]

3. On February 13, 2025, Cision filed its Motion for Reargument,[11] asking the Court to reconsider the Court's decision regarding the dismissal of Cision's breach of contract counterclaim. On February 20, 2025, RSM filed a brief in opposition to Cision's Motion for Reargument.[12]

---

[3] D.I. 1.
[4] D.I. 5.
[5] *Id*.
[6] D.I. 15.
[7] D.I. 35. Citations to the transcript of the February 6, 2025, hearing addressing the Motion to Dismiss are in the form of "Tr. #".
[8] Tr. 27:19-21.
[9] Tr. 28:7-11.
[10] Tr. 29:1-5, 30:9-20.
[11] Cision Motion for Reargument.
[12] D.I. 37.

4. On February 20, 2025, Cision filed its Amended Counterclaim alleging breach of warranty.[13]

5. Also on February 20, 2025, Cision filed its Application for Certification regarding the dismissal of Cision's breach of contract counterclaim.[14] On March 5, 2025, RSM filed its Response to Cision's Application for Certification.[15]

**Analysis**

6. Motions for reargument are governed by Superior Court Civil Rule 59(e).[16] A motion for reargument "will be granted 'only if the Court has overlooked a controlling precedent or legal principles, or the Court has misapprehended the law or facts such as would have changed the outcome of the underlying decision.'"[17] "[A] motion for reconsideration or reargument is not an opportunity to rehash arguments already decided by the Court, or to present new arguments that were not previously raised."[18]

7. Cision's Motion for Reargument presents neither overlooked applicable law nor new evidence. The Court's decision relied upon the well-reasoned decision

---

[13] D.I. 38.
[14] Cision App. for Cert.
[15] D.I. 42.
[16] *Snipe v. Boulden Servs., LLC*, 2024 WL 550095, at *1 (Del. Super. Feb. 8, 2024) (citing Super. Ct. Civ. R. 59(e)).
[17] *Id.* (quoting *State v. Brinkley*, 132 A.3d 839, 842 (Del. Super. 2016)).
[18] *TIBCO Software Inc. v. NThrive Revenue Sys., LLC*, 2020 WL 86829, at *1 (Del. Super. Jan. 6, 2020) (quoting *Patterson-Woods & Assocs., LLC v. Independence Mall, Inc.*, 2019 WL 6329069, at *1 (Del. Super. Nov. 26, 2019)).

in *Osram Sylvania Inc. v. Townsend Ventures, LLC*.[19] Although Cision criticizes the Court of Chancery's decision in *Osram*, *Osram* remains good law.[20] In *Osram*, the court held that when a party alleges a breach of contract and breach of warranty claim based on the same contractual provisions and facts, one claim may be dismissed.[21] Such is the case here, and Cision's breach of contract counterclaim was appropriately dismissed.

8.      Cision argues the Court misinterpreted the relevant contract.[22] Cision's contentions rehash contractual interpretation issues resolved in the Court's decision on RSM's Motion to Dismiss. The Court has already determined, examining the relevant contract as a whole, that Cision's only avenue for remedy is Cision's breach of warranty claim. Cision advances no new evidence to alter the Court's contractual interpretation. Accordingly, the Motion for Reargument is **DENIED**.

---

[19] 2013 WL 6199554 (Del. Ch. Nov. 19, 2013).

[20] *See* Cision Motion for Reargument at 9 (arguing "[e]ven where claims are duplicative, Delaware courts generally decline to follow *Osram*."). While Delaware law permits plaintiffs to plead in the alternative, Delaware courts also routinely dismiss duplicative claims, with duplicative allegations and duplicative requests for relief at the pleadings stage. *See, e.g.*, *CoVenture - Burt Credit Opportunities GP, LLC v. Coleman*, 2023 WL 7179488 (Del. Super. Ct. Nov. 1, 2023). This is especially true here, where, as the court similarly recognized in *Osram*, Cision's breach of warranty and breach of contract claims are based on the same alleged misconduct, the same provision in the contract (Section 5), and seek the same remedies. *See Osram*, 2013 WL 6199554, at *6. Notably, none of the cases relied upon by Cision concern claims for both breach of warranty and breach of contract. *See generally*, Cision Motion for Reargument.

[21] *Osram*, 2013 WL 6199554, at *6.

[22] Cision Motion for Reargument at 4.

9.     The Court now turns to Cision's Application for Certification.[23] The Court will not grant an application for certification of interlocutory appeal unless the underlying decision "decides a substantial issue of material importance that merits appellate review before a final judgment."[24]  Once this "gating requirement"[25] is satisfied, Supreme Court Rule 42 requires the Court to consider "eight factors set out in Rule 42(b)(iii)."[26]  After investigating the eight factors, the court must determine whether "the likely benefits of interlocutory review outweigh the probable costs."[27]  Where "the balance is uncertain, the trial court should refuse to certify the interlocutory appeal."[28]

10.     Cision asks the Court to certify an interlocutory appeal regarding its dismissal of the breach of contract counterclaim based on the Court's contractual

---

[23] Cision's Motion for Reargument, Amended Counterclaim, and Application for Certification present a procedural quagmire.  Pursuant to Superior Court Civil Rule 59(e), motions for reargument must be filed within five days of the court's opinion or decision.  Cision timely filed its Motion for Reargument on February 13, 2025.  *See generally* Cision Motion for Reargument. Then, while Cision's Motion for Reargument was pending, Cision filed its Amended Counterclaim on February 20, 2025.  D.I. 38.  Also on February 20, 2025, Cision filed its Application for Certification.  *See generally* Cision App. for Cert.   Supreme Court Rule 42 facilitates "appeals in civil cases from interlocutory orders of a trial court."  Del. Supr. Ct. R. 42(a).  Because Cision filed the Motion for Reargument, there was not yet an "interlocutory order" from which to appeal. Nonetheless, in the interests of justice, the Court will consider the Application for Certification on its merits.
[24] Del. Supr. Ct. R. 42(b)(i).
[25] *Cropper v. Progressive Garden State Ins. Co.*, 2024 WL 3721467, at *1 (Del. Super. Aug. 8, 2024) (citing *State ex rel. Jennings v. BP Am.*, 2024 WL 621438, at *1 (Del. Super. Feb. 14, 2024)).
[26] *Id.*
[27] Del. Supr. Ct. R. 42(b)(iii).
[28] *Id.*

5

interpretation.[29] "As a general matter, issues of contract interpretation are not worthy of interlocutory appeal."[30] Cision thus fails to satisfy the threshold inquiry for a motion for certification of interlocutory appeal: the issue presented is not one of substantial material importance which merits an interlocutory appeal.

11.     Even assuming, *arguendo*, that Cision's Application for Certification raised an issue of substantial material importance, the Rule 42 factors do not support Cision's request. Cision argues the following three factors support its Application for Certification:[31]

> (B) The decisions of the trial courts are conflicting upon the question of law;
>
> …
>
> (G) Review of the interlocutory order may terminate the litigation; or
>
> (H) Review of the interlocutory order may serve considerations of justice.

---

[29] Cision App. for Cert. at 1.

[30] *REJV5 AWH Orlando, LLC v. AWH Orlando Member, LLC*, 2018 WL 1109650, at *3 (Del. Ch. Feb. 28, 2018) (citing *Lexington Ins. Co. v. Almah LLC*, 167 A.3d 499 (Del. 2016) (TABLE); then citing *Robino–Bay Ct. Plaza, LLC v. West Willow–Bay Ct., LLC*, 941 A.2d 1019 (Del. 2007) (TABLE); then citing *McKnight v. USAA Cas. Ins. Co.*, 872 A.2d 959 (Del. 2005) (TABLE); and then citing *Renco Gp., Inc. v. MacAndrews AMG Hldgs. LLC*, 2015 WL 1830476, at *2 n.3 (Del. Ch. Apr. 20, 2015)).

[31] Del. Supr. Ct. R. 42(b)(iii).

12. Cision first argues *Osram*, as relied upon by this Court, applies pleading principles that contradict those presented in other Delaware caselaw.[32] Cision contends other Delaware caselaw supports the allowance of duplicative claims.[33] Under *Osram*, courts have *discretion* to dismiss duplicative claims.[34] That some Delaware courts discretionarily decline dismissal of duplicative claims does not evidence a conflict between trial courts on a question of law.

13. Cision argues interlocutory review of the dismissal of the breach of contract counterclaim "may, in effect, terminate" Cision's litigation with RSM.[35] Factor (G) is met when "a successful interlocutory appeal would necessarily terminate the litigation in its *entirety*."[36] Cision contends the reinstatement of the breach of contract counterclaim would facilitate a sooner settlement.[37] Any reinstatement of the duplicative breach of contract counterclaim would only expand the scope of this litigation, not resolve it. A successful interlocutory appeal will not necessarily terminate this litigation in its entirety.

---

[32] Cision App. for Cert. at 7.

[33] *Id*. (citing *Goldstein v. Denner*, 2022 WL 1797224 (Del. Ch. June 2, 2022); then citing *Espinoza v. Zuckerberg*, 124 A.3d 47, 67 n. 102 (Del. Ch. 2015); and then citing *Swipe Acq. Corp. v. Krauss*, 2020 WL 5015863 (Del. Ch. Aug. 25, 2020)).

[34] *See Swipe*, 2020 WL 5015863, at *8 ("Whether to dismiss a claim as duplicative is within the discretion of the Court." (citing *Osram*, 2013 WL 6199554, at 6)).

[35] Cision App. for Cert. at 8.

[36] *Energy Transfer Equity, L.P. v. Twin City Fire Ins. Co.*, 2020 WL 6112299, at *4 (Del. Super. Oct. 16, 2020) (emphasis supplied); *See also Rite Aid Corp. v. Ace Am. Ins. Co.*, 2020 WL 6058294, at *3 (Del. Super. Oct. 13, 2020) (same).

[37] Cision App. for Cert. at 8.

14. Cision contends interlocutory review of this Court's decision to dismiss the breach of contract counterclaim is necessary out of concern for justice.[38] Cision rehashes arguments it raised when opposing RSM's Motion to Dismiss and Cision's Motion for Reargument.[39] "To assert that an interlocutory appeal will 'serve considerations of justice,' the party must demonstrate that they are 'in peril of irreparable harm and the other party is not.'"[40] "If there is 'no particular urgency to litigating the issue before a final judgment' the Court should not find factor (H) applies."[41] There is no injustice being inflicted upon Cision which necessitates urgent resolution. Under the Court's interpretation of Cision and RSM's contract, Cision may only seek remedy for the alleged breaches via the warranty provision. Reinstatement of the duplicative breach of contract counterclaim will not expand the scope of Cision's potential remedies.

15. Assuming *arguendo* that Cision raised an issue of substantial material importance and demonstrated the applicability of some Rule 42 factors, Cision still fails to demonstrate how the benefits of interlocutory review outweigh the drawbacks. Cision argues RSM is not prejudiced by an interlocutory review.[42] The Court disagrees, as this action would be delayed pending the resolution of the

---

[38] *Id.* at 9.
[39] *Id.* at 9-10.
[40] *Cropper*, 2024 WL 3721467, at *3 (citing *Roman Cath. Diocese of Brooklyn, N.Y. v. Navarro*, 2023 WL 5551018, at *3 (Del. Super. Aug. 23, 2023)).
[41] *Id.* (citing *In re Shawe & Elting LLC*, 131 A.3d 325 (Del. 2016) (TABLE)).
[42] Cision App. for Cert. at 10-11.

interlocutory review.  Cision contends that, if this case proceeds without the breach of contract counterclaim, discovery and litigation may waste judicial resources because of an "unnecessary duplication of effort and expense[.]"[43]  The breach of contract counterclaim is duplicative so discovery and litigation on the breach of warranty counterclaim will be sufficient.  An "exceptional" interlocutory review will disrupt this litigation, cause delay, and waste scarce resources.[44]  Cision's Application for Certification is not justified and is, therefore, **DENIED**.

      **NOW, THEREFORE,** Cision's Motion for Reargument and Application for Certification of Interlocutory Appeal are **DENIED**.

      **IT IS SO ORDERED.**

*/s/ Meghan A. Adams*

**Meghan A. Adams, Judge**

---

[43] *Id*. at 11.
[44] Del. Supr. Ct. R. 42(b)(ii).